UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELISA RIVERA, ADMINISTRATRIX OF THE ESTATE OF SAMANTHA FIGUEROA | : : : : | |
| *Plaintiff,* | : : | CASE #:3:23-cv-01353-SVN |
| v. | : : | |
| CONVOY, INC., PROCTER & GAMBLE DISTRIBUTING LLC, PREMIER TRAILER LEASING, INC., PROWHEELER LLC, TRANS TERRA EXPRESS LLC AND URIEL ESTRADA | : : : : : : | OCTOBER 23, 2023 |
| *Defendants.* | : | |

**PROCTER & GAMBLE DISTRIBUTING LLC'S ANSWER
AND AFFIRMATIVE DEFENSES**

The undersigned Defendant Procter & Gamble Distributing, LLC ("P&G" or "Defendant"), by and through counsel, hereby submits its Answer to the plaintiff, Elisa Rivera, Administratrix of the Estate of Samantha Figueroa's ("Plaintiff") Complaint dated September 19, 2023.

**Parties**

1. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "1" and leaves Plaintiff to her proof.

2. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "2" and leaves Plaintiff to her proof.

3. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "3" and leaves Plaintiff to her proof.

131027994.1

4. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "4" and leaves Plaintiff to her proof.

5. P&G has insufficient information to admit or deny the allegations in Paragraph "5" and therefore leaves Plaintiff to her proof.

6. P&G has insufficient information to admit or deny the allegations in Paragraph "6" and therefore leaves Plaintiff to her proof.

7. P&G has insufficient information to admit or deny the allegations in Paragraph "7" and therefore leaves Plaintiff to her proof.

8. P&G has insufficient information to admit or deny the allegations in Paragraph "8" and therefore leaves Plaintiff to her proof.

9. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "9" and leaves Plaintiff to her proof.

10. P&G has insufficient information to admit or deny the allegations in Paragraph "10" and therefore leaves Plaintiff to her proof.

11. P&G has insufficient information to admit or deny the allegations in Paragraph "11" and therefore leaves Plaintiff to her proof.

12. Admitted.

13. P&G has insufficient information to admit or deny the allegations in Paragraph "13" and therefore leaves Plaintiff to her proof.

14. P&G has insufficient information to admit or deny the allegations in Paragraph "14".

15. P&G has insufficient information to admit or deny the allegations in Paragraph "15".

16. . P&G has insufficient information to admit or deny the allegations in Paragraph "16".

17. P&G has insufficient information to admit or deny the allegations in Paragraph "17".

18. P&G has insufficient information to admit or deny the allegations in Paragraph "18".

19. P&G has insufficient information to admit or deny the allegations in Paragraph "19".

20. P&G has insufficient information to admit or deny the allegations in Paragraph "20".

21. P&G has insufficient information to admit or deny the allegations in Paragraph "21".

22. P&G has insufficient information to admit or deny the allegations in Paragraph "22".

23. P&G has insufficient information to admit or deny the allegations in Paragraph "23".

24. P&G has insufficient information to admit or deny the allegations in Paragraph "24".

25. P&G has insufficient information to admit or deny the allegations in Paragraph "25".

26. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "26" and leaves Plaintiff to her proof.

131027994.1

27. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "27" and leaves Plaintiff to her proof.

28. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "28" and leaves Plaintiff to her proof.

29. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "29" and leaves Plaintiff to her proof.

30. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "30" and leaves Plaintiff to her proof.

31. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "31" and leaves Plaintiff to her proof.

32. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "32" and leaves Plaintiff to her proof.

33. P&G denies that it is a "joint tortfeasor."

34. Denied.

## Factual Overview

35. P&G has insufficient information to admit or deny the allegations in Paragraph "35" and therefore leaves Plaintiff to her proof.

*Defendant Estrada's Driving Record*

36. P&G has insufficient information to admit or deny the allegations in Paragraph "36" and therefore leaves Plaintiff to her proof.

37. P&G has insufficient information to admit or deny the allegations in Paragraph "37" and therefore leaves Plaintiff to her proof.

38. P&G has insufficient information to admit or deny the allegations in Paragraph "38" and therefore leaves Plaintiff to her proof.

39. P&G has insufficient information to admit or deny the allegations in Paragraph "39" and therefore leaves Plaintiff to her proof.

40. P&G has insufficient information to admit or deny the allegations in Paragraph "40" and therefore leaves Plaintiff to her proof.

41. P&G has insufficient information to admit or deny the allegations in Paragraph "41" and therefore leaves Plaintiff to her proof.

42. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "42" and leaves Plaintiff to her proof.

43. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "43" and leaves Plaintiff to her proof.

44. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "44" and leaves Plaintiff to her proof.

45. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "45" and leaves Plaintiff to her proof.

46. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "46" and leaves Plaintiff to her proof.

47. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "47" and leaves Plaintiff to her proof.

48. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "48" and leaves Plaintiff to her proof.

*Decisions Leading up to the Fatal Crash*

49. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "49" and leaves Plaintiff to her proof.

50. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "50" and leaves Plaintiff to her proof.

51. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "51" and leaves Plaintiff to her proof.

52. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "52" and leaves Plaintiff to her proof.

53. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "53" and leaves Plaintiff to her proof.

54. So much of Paragraph "54" which alleges, "Defendant Convoy, Inc. at all relevant times had . . . 'motor carrier' . . . authority" is denied. As to the remaining allegations set forth in Paragraph "54", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

55. P&G has insufficient information to admit or deny the allegations in Paragraph "55" and therefore leaves Plaintiff to her proof.

56. Denied as phrased. Any agreement between Convoy, Inc. and P&G speaks for itself.

57. Denied.

58. Denied as phrased. Any agreement between Convoy, Inc. and P&G speaks for itself.

59. P&G has insufficient information to admit or deny the allegations in Paragraph "59" and therefore leaves Plaintiff to her proof.

131027994.1

60. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "60" and leaves Plaintiff to her proof.

61. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "61" and leaves Plaintiff to her proof.

62. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "62" and leaves Plaintiff to her proof.

63. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "63" and leaves Plaintiff to her proof.

64. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "64" and leaves Plaintiff to her proof.

65. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "65" and leaves Plaintiff to her proof.

66. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "66" and leaves Plaintiff to her proof.

67. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "67" and leaves Plaintiff to her proof.

68. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "68" and leaves Plaintiff to her proof.

69. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "69" and leaves Plaintiff to her proof.

70. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "70" and leaves Plaintiff to her proof.

71. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "71" and leaves Plaintiff to her proof.

72. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "72" and leaves Plaintiff to her proof.

73. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "73" and leaves Plaintiff to her proof.

74. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "74" and leaves Plaintiff to her proof.

75. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "75" and leaves Plaintiff to her proof.

76. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "76" and leaves Plaintiff to her proof.

77. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "77" and leaves Plaintiff to her proof.

78. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "78" and leaves Plaintiff to her proof.

79. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "79" and leaves Plaintiff to her proof.

80. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "80" and leaves Plaintiff to her proof.

81. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "81" and leaves Plaintiff to her proof.

82. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "82" and leaves Plaintiff to her proof.

83. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "83" and leaves Plaintiff to her proof.

84. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "84" and leaves Plaintiff to her proof.

85. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "85" and leaves Plaintiff to her proof.

86. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "86" and leaves Plaintiff to her proof.

87. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "87" and leaves Plaintiff to her proof.

88. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "88" and leaves Plaintiff to her proof.

89. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "89" and leaves Plaintiff to her proof

90. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "90" and leaves Plaintiff to her proof.

91. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "91" and leaves Plaintiff to her proof.

92. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "92" and leaves Plaintiff to her proof.

93. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "93" and leaves Plaintiff to her proof.

94. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "94" and leaves Plaintiff to her proof.

95. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "95" and leaves Plaintiff to her proof.

## ALLEGATIONS

## COUNTS I THROUGH IV

Counts I through IV are not directed towards P&G, and therefore, P&G cannot, and shall not provide a response.

## COUNT V (ESTATE'S CLAIM OF NEGLIGENT HIRING, SELECTION AND RETENTION AS TO P&G)

1.– 33. P&G restates, realleges, and reasserts its answers set forth in Paragraphs "1" through "33" of the "Parties Section".

34.–94. P&G restates, realleges, and reasserts its answers set forth in Paragraphs "34" through "94" of the "Factual Overview Section".

95. P&G is without sufficient information to admit or deny the allegations set forth in Paragraph "95" and leaves Plaintiff to her proof.

96. Denied.

97. Denied as phrased.  The agreement between Convoy, Inc. and P&G speaks for itself.

98. Denied.

99. Denied.

100. Denied.

131027994.1

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. So much of Paragraph "105" which alleges, "As a result and proximate cause" is denied. As to the remaining allegations set forth in Paragraph "105", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

106. So much of Paragraph "106" which alleges, "As a further result" is denied. As to the remaining allegations set forth in Paragraph "106", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

107. So much of Paragraph "107" which alleges, "As a further result" is denied. As to the remaining allegations set forth in Paragraph "107", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

108. So much of Paragraph "108" which alleges, "As a further result" is denied. As to the remaining allegations set forth in Paragraph "108", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

109. Denied.

**COUNT VI: (ESTATE'S CLAIM OF VICARIOUS LIABILITY FOR DEFENDANT CONVOY, INC.'S NEGLIGENCE AS TO DEFENDANT PROCTER & GAMBLE, PURSUANT TO C.G.S. § 52-183)**

1.– 33. P&G restates, realleges, and reasserts its answers set forth in Paragraphs "1" through "33" of the "Parties Section".

34.–94. P&G restates, realleges, and reasserts its answers set forth in Paragraphs "34" through "94" of the "Factual Overview Section".

131027994.1

95. This paragraph does not apply to P&G and is therefore denied.

96. Denied.  This paragraph does not apply to P&G and is therefore denied.

97. Denied.  This paragraph does not apply to P&G and is therefore denied.

98. Denied.  This paragraph does not apply to P&G and is therefore denied.

99. Denied.  This paragraph does not apply to P&G and is therefore denied.

100. Denied.  This paragraph does not apply to P&G and is therefore denied.

101. Denied.  This paragraph does not apply to P&G and is therefore denied.

102. Denied.  This paragraph does not apply to P&G and is therefore denied.

103. Denied.  This paragraph does not apply to P&G and is therefore denied.

104. Denied.  This paragraph does not apply to P&G and is therefore denied.

105. Denied.  This paragraph does not apply to P&G and is therefore denied.

106. Denied.  This paragraph does not apply to P&G and is therefore denied.

107. Denied.  This paragraph does not apply to P&G and is therefore denied.

108. Denied.  This paragraph does not apply to P&G and is therefore denied.

109. Denied.  This paragraph does not apply to P&G and is therefore denied.

110. Denied.  This paragraph does not apply to P&G and is therefore denied.

111. Denied.  This paragraph does not apply to P&G and is therefore denied.

112. So much of Paragraph "112" which alleges, "As a result and proximate cause" is denied.  As to the remaining allegations set forth in Paragraph "112", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

113. So much of Paragraph "113" which alleges, "As a further result" is denied.  As to the remaining allegations set forth in Paragraph "113", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

114. So much of Paragraph "114" which alleges, "As a further result" is denied. As to the remaining allegations set forth in Paragraph "114", P&G has insufficient information to admit or deny the allegations and leaves the Plaintiff to her proof.

115. This paragraph does not apply to P&G and is therefore denied.

115. [*sic*] Denied. See above response to paragraph 115.

116. Denied. This paragraph does not apply to P&G and is therefore denied.

117. Denied. This paragraph does not apply to P&G and is therefore denied.

118. Denied as to the statement directed at P&G.

## COUNT VII THROUGH COUNT XIV

Count VII through Count XIV are not directed at P&G, and therefore, P&G cannot, and shall not provide a response to Count VII through Count XIV.

WHEREFORE, P&G denies that the Plaintiff is entitled to the relied requested.

## AFFIRMATIVE DEFENSES

The undersigned Defendant Procter & Gamble Distributing, LLC ("P&G") asserts the following defenses and reserves its right to assert additional defenses when, and if, they become appropriate.

## FIRST AFFIRMATIVE DEFENSE

Any injury or damages sustained by Plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said Plaintiff's decedent and not as a result of any negligence and/or culpable conduct on the part of P&G, which negligence is specifically denied, in that she:

a) failed to make proper use of her senses and faculties for her own safety;

b) failed to exercise reasonable care for her own safety;

c) failed to keep a proper lookout;

d) remained on and/or near the subject roadway and/or highway in an area that was unsafe.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against P&G, and must therefore be dismissed.

## THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of one or more third parties over whom P&G did not and was not obligated to exercise supervision or control.

## FOURTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, which are expressly denied, were not proximately caused by P&G.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join a necessary party.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as the Court lacks personal jurisdiction over P&G.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as the Court lacks subject matter jurisdiction over P&G.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief the injuries or damages alleged by Plaintiff, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of P&G.

## TENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, P&G violated no legal duty owing by it to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, P&G was not guilty of and is not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiff complains.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed as it failed to state a claim for vicarious liability as to P&G as it was not a motor carrier.

## THIRTEENTH AFFIRMATIVE DEFENSE

P&G owed no duty or responsibility to safeguard the Plaintiff and exercised no control over its activities.

## FOURTEENTH AFFIRMATIVE DEFENSE

No acts or omissions by P&G were an actual cause, legal cause, contributing cause, substantial factor, or proximate cause with respect to the damages if any, sustained by the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages as alleged in the Complaint, then said damages were caused, in whole or in part, by the negligence, recklessness, intentional acts, breach of contract, and/or

breach of fiduciary duty, violation of statute(s), and/or other culpable conduct of a person or entity over whom P&G exercised no control, and with whom P&G had no legal or commercial relationship.

### SIXTEENTH AFFIRMATIVE DEFENSE

P&G reserves the right to amend this Answer and to assert additional defenses upon ascertaining more definite facts during and upon completion of discovery and investigation.

Respectfully submitted this 23rd day of October, 2023,

PROCTER & GAMBLE DISTRIBUTING, LLC

By: */s/ Christy E. Jachimowski*
Christy E. Jachimowski
#ct29980
Kenneth B. Walton
#ct22120
LEWIS BRISBOIS BISGAARD & SMITH LLP
185 Asylum Street, Suite 2603
Hartford, Connecticut 06103
(860) 566-8054
Christy.Jachimowski@LewisBrisbois.com
Ken.Walton@LewisBrisbois.com
HartfordEService@LewisBrisbois.com

131027994.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd of October, 2023, a copy of the foregoing was filed electronically on the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system, and will be sent by U.S. Mail, postage pre-paid, to  Non-Appearing counsel for the plaintiff, listed below.

Samuel Coleman Martin, Esq.
Kevin C. Ferry, Esq.
Monique S. Foley, Esq.
Law Office of Kevin C. Ferry, LLC
77 Lexington Street
New Britain, CT 06052
kevin@ferrylaw.com,  jake@ferrylaw.com,  melissa@ferrylaw.com,  monique@ferrylaw.com, sam@ferrylaw.com
*(counsel for the plaintiff)*


    */s/ Christy E. Jachimowski*
    Christy E. Jachimowski

131027994.1