UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELISA RIVERA, ADMINISTRATRIX OF THE ESTATE OF SAMANTHA FIGUEROA<br>*Plaintiff*,<br><br>v.<br><br>CONVOY, INC., PROCTER & GAMBLE DISTRIBUTING, LLC, PREMIER TRAILER LEASING, INC. PROWHEELER, LLC, TRANS TERRA EXPRESS, LLC, AND URIEL ESTRADA,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:23-CV-01353 (SVN)<br><br><br><br><br><br>August 13, 2024 |

## RULING AND ORDER GRANTING DEFENDANT PREMIER TRAILER LEASING, INC.'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

In this diversity action, Plaintiff Elisa Rivera, Administratrix of the Estate of Samantha Figueroa, brings claims related to the death of Ms. Figueroa following a highway collision. Plaintiff has sued Uriel Estrada, the driver of a tractor–trailer that collided with Ms. Figueroa; Convoy, Inc., a company that brokered a load of freight carried by Estrada; Procter & Gamble Distributing, LLC, whose freight Estrada was carrying; Premier Trailer Leasing, Inc., which had leased the trailer Estrada had been pulling; and Prowheeler, LLC and Trans Terra Express, LLC, trucking companies associated with Estrada. Compl., ECF No. 1–1, ¶¶ 2, 4, 13, 28, 31–32; *id.* at 34, ¶ 95–98.

Relevant here, Plaintiff has alleged that Defendant Premier negligently entrusted the trailer to Estrada. *Id.* at 56–57, ¶¶ 106–08. Premier has moved to dismiss this claim, arguing that the Graves Amendment, 49 U.S.C. § 30106, bars it, and that Plaintiff has not otherwise stated a claim

for negligent entrustment. For the following reasons, the Court agrees with Premier. Count Fourteen of the complaint is thus DISMISSED, and Plaintiff is granted leave to amend.

I.       FACTUAL AND PROCEDURAL BACKGROUND

The complaint contains the following allegations, which are accepted as true for the purpose of this motion. *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

The defendants named by Plaintiff operate in different roles in the trucking industry. Estrada owns Prowheeler, a trucking company with one truck and one operator (Estrada). Compl., ¶¶ 2, 31, 49; *id.* at 34, ¶ 95.[1] Plaintiff alleges Estrada has a history of driving violations, including that he had received several traffic citations, was arrested for driving under the influence, had been involved in two crashes, and had his commercial license suspended on various occasions, including the night of his collision with Ms. Figueroa. *Id.* ¶¶ 37–48.

Convoy is a trucking logistics startup company that operates an application through which trucking companies can be engaged to carry loads of freight. *Id.* ¶¶ 5–10. Convoy has an agreement to haul freight for Procter & Gamble. *Id.* ¶ 56. In late October 2021, Convoy posted a load of Procter & Gamble freight on the Internet, and Estrada, who was then in Pennsylvania, agreed on October 24, 2021, to haul the load through his company Prowheeler. *Id.* ¶¶ 63–65, 72–73. Prowheeler had leased a trailer from Premier. *Id.* ¶ 28. Estrada drove his tractor, with Premier's trailer in tow, to pick up the load. *Id.* ¶¶ 73–77. Estrada proceeded to the Rochambeau Bridge on I-84 East near Newtown, Connecticut, in rainy, foggy, and misty conditions. *Id.* ¶¶ 79–81.

Around 3:28 a.m., Ms. Figueroa's vehicle had become disabled on the bridge, and she exited her vehicle to flag down help. *Id.* ¶ 83. Although the shoulder was narrow where she had

---

[1] Trans Terra is another trucking company alleged to have been operated by Mr. Estrada. *Id.* at 34, ¶¶ 95-98.

stopped, another car safely avoided her. *Id.* ¶ 85. Two minutes later, Estrada's tractor-trailer collided with Ms. Figueroa's vehicle, which then hit Ms. Figueroa and projected her onto the pavement, causing her severe injuries. *Id.* ¶¶ 83, 86–87. Ms. Figueroa died at the hospital later that morning. *Id.* ¶ 92.

Plaintiff Elisa Rivera, the Administratrix of Ms. Figueroa's estate, subsequently brought this action, alleging various types of negligence claims against Defendants, including a claim for negligent entrustment against Premier (Count Fourteen).[2] Plaintiff alleges that Premier and Prowheeler are parties to various agreements that allow Premier to collect rent from Prowheeler and otherwise enforce certain requirements, such as failure to maintain proper licensing, by demanding return of the trailer. *Id.* at 57, ¶ 107. Plaintiff further alleges that Premier knew, or reasonably should have known, that Estrada would use the trailer it leased to Prowheeler in a manner that would cause an unreasonable risk of injury to others, and that it nonetheless permitted Estrada to use it when it should have known he was unqualified to do so. *Id.* at 58, ¶ 108. Premier now moves to dismiss that claim as barred by the Graves Amendment, a statute that shields commercial owners of motor vehicles from liability in certain situations. Def. Premier Trailer Leasing, Inc.'s Mot. to Dismiss, ECF No. 39.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell*

---

[2] Plaintiff also alleges recklessness claims against Estrada.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  DISCUSSION

The Court holds that Count Fourteen of the Complaint fails to state a claim against Premier. The Graves Amendment shields Premier from liability because Plaintiff has not adequately pleaded that Premier negligently entrusted its trailer to Estrada.

The Graves Amendment was "enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner." *Rein v. CAB E. LLC*, No. 08-CV-2899 (PAC), 2009

WL 1748905, at *2 (S.D.N.Y. June 22, 2009) (citing 151 Cong. Rec. H 1034, 1200 (2005) (statement of Rep. Graves)).  The Amendment provides, in relevant part:

> (a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

The Amendment thus preempts state law vicarious liability claims against owners of motor vehicles under certain circumstances, if the owner is not itself negligent or criminally liable.  *See Merchants Ins. Grp. v. Mitsubishi Motor Credit Ass'n*, 356 F. App'x 548, 551 (2d Cir. 2009) (summary order).  Here, it is undisputed that Premier is an owner of a motor vehicle—the trailer—that was leased to Prowheeler, and that Prowheeler is engaged in the trade of leasing motor vehicles.  Compl., ¶ 27.  The dispositive question for the Court, then, is whether there is negligence or criminal wrongdoing on the part of Premier, as required by subsection (a)(2).

Subsection (a)(2), known as the savings clause, builds into the Graves Amendment an analysis of whether there was some direct wrong committed by the owner of the vehicle.  Its considerations get to the core of the Amendment's purpose—if a covered owner has done nothing negligent or criminal, it cannot be liable simply for the actions of a renter or lessee.  But if a covered owner is itself responsible for some negligent or criminal conduct, then claims under state law may proceed against it.

Because Plaintiff alleges no criminal wrongdoing against Premier, the controlling question is whether Plaintiff has adequately pleaded that Premier acted negligently in some respect. To do so, Count Fourteen would have to meet both the substantive elements of a negligent entrustment claim under Connecticut law and also satisfy basic federal pleading requirements. Count Fourteen fails to do either.

Under Connecticut law, in order to establish a negligent entrustment claim, a plaintiff must demonstrate that: "(1) the defendant entrusted a potentially dangerous instrumentality to a third person (2) whom the entrustor knows or should know intends or is likely to use the instrumentality in a manner that involves unreasonable risk of physical harm, and (3) such use does in fact cause harm to the entrustee or others." *Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53, 81 (2019). Although the parties do not dispute that Estrada's use of Premier's trailer caused harm to Ms. Figueroa, Premier contends that it entrusted the trailer to Prowheeler, not directly to Estrada; and that, in any event, it did not know or should know that Estrada was likely to use the trailer in a manner that involved unreasonable risk of physical harm.

The Court agrees that Plaintiff has failed to adequately allege that Premier entrusted the trailer directly to Estrada, as required under Connecticut law. In Connecticut, liability for negligent entrustment stems only from the conduct of the direct entrustee and not necessarily from the actions of subsequent entrustees. *Id.* at 80–81 (holding that "a cause of action for negligent entrustment will lie only when the entrustor knows or has reason to know that the *direct* entrustee is likely to use a dangerous instrumentality in an unsafe manner.") (emphasis added). In *Soto*, which involved claims by administrators of the estates of students and faculty who died in the Sandy Hook massacre against the manufacturer of the semiautomatic firearm used by the shooter, Adam Lanza, the plaintiffs argued that the defendants had negligently entrusted the firearm used

in the shooting to Lanza's mother, who intended to give it to her son. *Id.* at 71–77. The Connecticut Supreme Court refused to extend negligent entrustment liability that far. The court surveyed the history of negligent entrustment case law and noted that it "never has suggested that a cause of action for negligent entrustment—whether involving a vehicle, a weapon, or some other dangerous item—will lie in the absence of evidence that the direct entrustee is likely to use the item unsafely." *Id.* at 81. Because the plaintiffs had not alleged that there was any reason to expect that Lanza's mother, the direct entrustee, was likely to use the firearm in an unsafe manner, they had not stated a claim for negligent entrustment under Connecticut law. *Id.* at 80–82.

Here, Plaintiff seeks to stretch negligent entrustment liability beyond the direct entrustee, just as the unsuccessful *Soto* plaintiffs did. Nowhere does Plaintiff allege that Estrada was the direct entrustee of the trailer. Instead, Plaintiff herself alleges that the trailer was leased to Prowheeler "and/or" Convoy and that Premier supplied a trailer "for use by Prowheeler and/or Convoy." Compl., at 57–58, ¶¶ 106–08. Plaintiff does allege that Premier "permitted" Estrada, Prowheeler, and Convoy to use its trailer. *Id.* ¶ 108. But given the direct contractual relationship Plaintiff herself alleges between Premier and Prowheeler and the employment relationship she also alleges between Prowheeler and Estrada, the Court cannot reasonably infer that Premier entrusted the trailer specifically to Estrada.

Plaintiff's attempts to distinguish *Soto* are not persuasive. She argues that a firearm manufacturer, unlike a motor vehicle leasing company, does not maintain the right to repossess a firearm after its use in an unsafe manner. Pl.'s Opp. Br., ECF No. 45 at 7. But Plaintiff fails to identify any authority supporting this distinction. While Premier may have retained more control over the trailer than the firearms manufacturers did over the firearm in *Soto*, the fact remains that Premier leased the trailer to Prowheeler, not Estrada. Nor is it correct that firearms cases are in a

different category altogether.  To the contrary, the *Soto* court relies on an automobile case in its reasoning and even says that automobiles have become "the primary context" in which negligent entrustment claims have arisen.  *Soto*, 331 Conn. at 79–80 (citing *Greeley v. Cunningham*, 116 Conn. 515 (1933)).

Plaintiff seeks to have the Court infer that, because Prowheeler is a single-truck, single-operator company, Compl., ¶ 31, Premier should have known that Estrada would haul any trailer it leased to Prowheeler.  But Plaintiff fails to allege that Premier knew of Prowheeler's single-truck, single-operator status, such that this inference would be reasonable.  *See Iqbal*, 556 U.S. at 678 (noting that a court must draw all *reasonable* inferences in the non-movant's favor).  Perhaps the discovery that has been undertaken in this matter thus far will allow Plaintiff to cure this defect in an amended complaint.  The operative complaint, however, does not set forth sufficient facts from which the Court can reasonably ascribe knowledge to Premier of Estrada's status as Prowheeler's only driver.[3]

While Plaintiff's failure to satisfy the first element of a negligent entrustment claim means the Graves Amendment bars Count Fourteen, the Court nonetheless proceeds with analyzing the constructive knowledge element, for purposes of completeness.  It concludes that Plaintiff has failed to plead sufficient facts demonstrating that Premier knew or should have known the entrustee of the trailer was likely to use the trailer in a manner that involves unreasonable risk of physical harm.

---

[3] Plaintiff argues that Premier has not provided an affidavit refuting that it knew or should have known that Estrada would be towing a Premier trailer on the night of the collision, and otherwise argues at various points that a reasonable jury could find in her favor.  These arguments misunderstand the legal standard applicable to a motion to dismiss. Premier is under no obligation to present evidence, and the Court need not assess whether a reasonable jury could find for Plaintiff.  Instead, the Court is limited to assessing the sufficiency of the allegations within the four corners of the complaint.  *See Mayo v. Fed. Gov't*, 558 F. App'x 55, 56 (2d Cir. 2014) (summary order) ("A court normally may not look beyond the four corners of the complaint in considering a motion to dismiss.") (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)).

Plaintiff's allegations on this point amount to "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  While Plaintiff alleges that Estrada had a "long string of driving violations and accidents with numerous license suspensions," she alleges no facts to support the inference that Premier should have been on notice that Estrada was "an extremely dangerous driver who should not have been behind the wheel of a tractor-trailer truck." Compl., ¶ 37.  She instead seems to argue that the mere existence of past violations and incidents necessitates Premier's constructive knowledge of those violations and incidents.  Not so.  Plaintiff has failed to identify any avenues through which Premier should have discovered the driving record of any driver employed by Prowheeler or any other company to which it leased trailers, much less Estrada's record specifically.  Her allegation that Premier "knew, or reasonably should have known, the person to whom the product is supplied is likely to, and does, use the product in a manner involving unreasonable risk of physical injury to the person or others," Compl., at 58, ¶ 108, is conclusory.   In trying to establish that Premier knew or should have known that an entrustee was likely to use the trailer in a manner that involves unreasonable risk or physical harm, Plaintiff simply states just that in plainly formulaic fashion, with no factual support.

Thus, Plaintiff has failed to adequately allege a claim for negligent entrustment under Connecticut law.  As a result, the requirements of the Graves Amendment's savings clause are satisfied, and it bars Plaintiff's claim against Premier in Count Fourteen.

## IV. CONCLUSION

For the reasons described herein, Defendant Premier's motion to dismiss is GRANTED.  The Court grants Plaintiff leave to amend.  *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) ("Where the possibility exists that the defect can be cured and there is no prejudice

to the defendant, leave to amend at least once should normally be granted as a matter of course."). Plaintiff may file an amended complaint to attempt to remedy the deficiencies identified in this ruling on or before **September 3, 2024.**

    **SO ORDERED** at Hartford, Connecticut, this 13 day of August, 2024.

                                           */s/ Sarala V. Nagala*
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE